HEALTHUNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| WILLIAM MCDANIEL,<br><br>                Plaintiff,<br><br>v.<br><br>OCCUPATIONAL SAFETY AND<br>HEALTH ADMINISTRATION,<br><br>                Defendants. | Civil Action No. 24-10006 (JXN)(SDA)<br><br>**MEMORANDUM ORDER** |

**NEALS**, District Judge

Before the Court is *pro se* Plaintiff William McDaniel's ("Plaintiff") motion to vacate dismissal pursuant to Federal Rule of Civil Procedure 60(b). (ECF No. 7.) The Court previously granted Plaintiff's application to proceed *in forma pauperis* ("IFP") (ECF No. 3), and, in screening of the Complaint under 28 U.S.C. § 1915, determined that the matter should proceed. (ECF No. 3.) For the reasons set forth below, Plaintiff's motion is **GRANTED**, and the Complaint is **DISMISSED** *with prejudice* in its entirety.

I. **BACKGROUND**[1]

Plaintiff filed this Complaint against the Occupational Safety and Health Administration ("OSHA" or "Defendant") on December 22, 2024. (*See* Complaint ("Compl.") ¶ 3, ECF No. 1.) As best the Court can construe, Plaintiff alleges that he was wrongfully terminated from his employment with the United States Postal Service ("USPS") at the Dominick V. Daniels

---

[1] The following facts are taken from the Complaint and assumed to be true for screening purposes. *See Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021), *abrogation on other grounds recognized by Fisher v. Hollingsworth*, 115 F.4th 197 (3d Cir. 2024).

Processing & Distribution Center in Kearny, N.J., in retaliation for reporting unsafe work conditions. (*Id.*) As relief, Plaintiff seeks a "better investigation" from OSHA. (*See* Compl. at 5.)

On November 6, 2024, the Court granted Plaintiff's application to proceed IFP, ordered the filing of the Complaint, and directed the Clerk of Court to send Plaintiff copies of the USM-285 form to obtain service of the Complaint on the Defendant by the United States Marshals Service. (*Id.*) The Clerk sent the USM-285 forms to Plaintiff and directed Plaintiff to submit a completed USMS Form 285 within thirty (30) days, and warned that failure to complete service or to seek an extension could result in dismissal. (ECF No. 4.) Plaintiff did not return the forms, so Defendant was not served within the ninety (90) days of the date of filing the Complaint as required by Federal Rule of Civil Procedure 4(m).

On March 17, 2025, this Court issued a notice of call for dismissal advising Plaintiff that under Federal Rule of Civil Procedure6 4(m), absent proof of service or a showing of good cause, the Complaint would be dismissed on April 1, 2025. (ECF No. 5.) Plaintiff failed to respond to the notice, and on April 2, 2025, the Court dismissed the Complaint without prejudice. (ECF No. 6.)

On May 5, 2025, Plaintiff filed the instant motion seeking relief from the Court's April 2, 2025 dismissal pursuant to Rule 60(b). (ECF No. 7.) The matter is ripe for determination.

**II.    DISCUSSION**

### A.  Plaintiff's Motion to Vacate and Reinstate the Complaint[2]

Plaintiff moves to vacate dismissal and reinstate his Complaint under Rule 60(b)(1) and (6).[3] (ECF No. 7.) Plaintiff claims that relief is warranted under Rule 60(b)(1) because his failure

---

[2] While Plaintiff titled his motion, "Motion to Vacate Dismissal," the relief sought therein is to reinstate his Complaint pursuant to Fed. R. Civ. P. 60(b), and, therefore, the Court will construe the motion accordingly. *See Dluhos v. Strasberg*, 321 F.3d 365, 369 (3d Cir.2003) ("[The Court will] apply the applicable law, irrespective of whether the *pro se* litigant has mentioned it by name.").

[3] Plaintiff's motion relies on 60(b)(1) and (6). However, to the extent that Plaintiff seeks relief pursuant to Rule 60(b)(6), his request is denied. "[A] motion under Rule 60(b)(6) must be fully substantiated by adequate proof."

to serve Defendant within the prescribed time resulted from his lack of familiarity with federal court procedures, and "reasonably but mistakenly believed that the U.S. Marshal Service would automatically handle service of process after the filing of the Complaint[,]" constituting "excusable neglect." (*Id*. at ¶ 18.)

When "considering a motion to reinstate, some courts have referred to Rule 60(b)(1) of the Federal Rules of Civil Procedure, which allows for relief from a final judgment, order, or proceeding for reasons of 'mistake, inadvertence, surprise, ... excusable neglect, [or] any other reason that justifies relief.'" *Davenport v. New Jersey Bd. of Pub. Utilities*, No. 18-13687, 2019 WL 259608, at *1 (D.N.J. Jan. 17, 2019) (quoting Fed. R. Civ. P. 60(b)) (listing cases).

In determining whether a party is entitled to relief from dismissal because of "excusable neglect," a court must look at the totality of the circumstances. *See George Harms Constr. Co., Inc. v. Chao,* 371 F.3d 156, 163 (3d Cir. 2004). Courts should consider "the danger of prejudice to the [non-movant], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Pioneer Inv. Servs. v. Brunswick Assocs.,* 507 U.S. 380, 395, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993); *George Harms Constr.,* 371 F.3d at 163 (adopting the *Pioneer* facts). Additionally, a Rule 60(b) motion must be made "within a reasonable time" and "no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c).

---

*Liguori v. Allstate Ins. Co.*, No. 14-636, 2015 WL 71384, at *3 n.3 (D.N.J. Jan.6, 2015) (quoting *Howard Johnson Int'l, Inc. v. Cupola Enters., LLC*, No. 01-1205, 2006 WL 625210, at *1 (D.N.J. Mar.10, 2006)). In addition, "Rule 60(b)(6)'s catchall provision provides for extraordinary relief and may only be invoked upon a showing of exceptional circumstances." *44A Trump Int'l, Inc. v. Russell*, 546 F. App'x 103, 105 (3d Cir. 2013) (internal quotation marks omitted). Here, Plaintiff did not demonstrate extraordinary circumstances that would justify relief pursuant to Rule 60(b)(6).

3

Here, given the relevant circumstances, the Court finds that Plaintiff's failure to timely effect service constitutes excusable neglect. First, Plaintiff's motion to vacate was filed on May 5, 2025, thirty-one days after the Court entered dismissal (*see* ECF No. 7); thus, Plaintiff's motion was made within a reasonable time. Next, there is no indication that Plaintiff acted in bad faith and no evidence of the delay's potential impact on judicial proceedings or of any prejudice to Defendant, who has not yet entered an appearance. Finally, because of Plaintiff's *pro se* status and the fact that Plaintiff appears to act in good faith in trying to prosecute his case, the Court finds that there was "excusable neglect" in Plaintiff's failure to timely and properly serve Defendant. The Court also notes the Third Circuit's preference to decide cases on the merits. *Hritz v. Woma Corp.*, 732 F.2d 1178, 1181 (3d Cir.1984) ("[W]e have repeatedly stated our preference that cases be disposed of on the merits whenever practicable."). Accordingly, the Court grants Plaintiff's motion to vacate.[4]

### B. *Sua Sponte* Screening pursuant to 28 U.S.C. § 1915(e)(2)(B)

The Court previously granted Plaintiff's application to proceed IFP and directed the filing of the Complaint. (ECF No. 3.) The Court notes, however, that "[a] § 1915(e) screening determination is a preliminary and interlocutory holding, subject to revision at any time prior to entry of final judgment." *Richardson v. Cascade Skating Rink*, No. 19-08935, 2020 WL 7383188, at *2 (D.N.J. Dec. 16, 2020) (quoting *Magruder v. Grafton Corr. Inst.*, No. 19-1980 2020 WL 2814532, at *3 (N.D. Ohio April 1, 2020)). For the reasons outlined below, the Court dismisses Plaintiff's Complaint for failure to state a claim on which relief may be granted.

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must *sua sponte* dismiss any claim that

---

[4] Plaintiff, nonetheless, is reminded of his obligation to abide by Court orders and all applicable Local and Civil rules. *See Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (noting *pro se* litigants "must abide by the same rules that apply to all other litigants").

is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. When evaluating a claim under § 1915(e)(2), the Court applies the same standard that governs a motion to dismiss pursuant to Rule 12(b)(6). *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002). The Court may also, *sua sponte*, dismiss a complaint for failure to comply with Federal Rule of Civil Procedure 8. *Muhammad v. United States Bd. of Governors Postal Sys.*, 574 F. App'x 74, 74 (3d Cir. 2014).

In order to survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Determining whether a complaint states a plausible claim for relief [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'— 'that the pleader is entitled to relief.'" *Id.* (citing Fed. R. Civ. P. 8(a)(2)). Moreover, while *pro se* pleadings are liberally construed, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).

Here, in addition to failing to provide a short and plain statement of the claim showing that the pleader is entitled to relief under Federal Rule of Civil Procedure 8(a)(2), on its face, the Complaint fails to state a claim under Federal Rule of Civil Procedure 12(b)(6). In his Complaint, Plaintiff alleges in a conclusory fashion that "Manager Khalil terminated [his] employment under the secrecy of false claims and hearsay that [he'd] threatened Supervisor Moon" after he "reported

5

verbal threats" on December 22, 2022, and on August 23, 2023; and "Manager Threats" on October 16, 2024, and was told that he'd, "fill[ed] out too many [OSHA Employee Report of Unsafe or Unhealthful Working Conditions] 1767 Forms". (Compl. at 3.) The Complaint neither alleges that OSHA participated in any decision specific to his firing nor any facts that would constitute a basis for any claim under OSHA. Nonetheless, the Court construes Plaintiff's allegations as asserting a claim of retaliation.

Congress enacted OSHA "to assure so far as possible every working man and woman in the Nation safe and healthful working conditions and to preserve our human resources[.]" 29 U.S.C. § 651(b). As relevant here, OSHA prohibits employers from "discharg[ing] or in any manner discriminat[ing] against any employee" on the basis that the employee "has filed any complaint or instituted or caused to be instituted any proceeding under or related to" the law. *Id.* § 660(c)(1). It further provides that "[a]ny employee who believes that he has been discharged or otherwise discriminated against by any person in violation of this subsection" may file a complaint with the Secretary of Labor, who in turn, after conducting an investigation, "shall bring an action in any appropriate United States district court" if she determines that OSHA's anti-retaliation provision has been violated. *Id.* § 660(c)(2).

The Third Circuit and courts in this district have consistently concluded that OSHA does not create a private right of action for individuals to enforce its provisions. *See, e.g., Doe I v. Scalia*, 58 F.4th 708, 711 (3d Cir. 2023) ("In general, OSHA, rather than private litigants, is responsible for assuring workplace safety. In furtherance of that objective, the OSH Act funnels safety grievances through OSHA's administrative processes."); *Doe v. New Jersey State Prison*, No. 24-8290, 2025 WL 1752345, at *6 (D.N.J. June 25, 2025); *Naderi v. Concentra Health Servs., Inc.*, No. 21-18958, 2024 WL 2954181, at *5 (D.N.J. June 12, 2024) (quoting *Ries v. Nat'l R.R.*

*Passenger Corp.*, 960 F.2d 1156, 1164–65 (3d Cir. 1992); *Dravo Corp. v. Occupational Safety & Health Rev. Comm'n*, 613 F.2d 1227, 1230 n.2 (3d Cir. 1980); *Kozar v. AT&T*, 923 F. Supp. 67, 69 (D.N.J. 1996). This Court follows suit. Because OSHA does not create a private right of action, Plaintiff's OSHA retaliation claim must be dismissed with prejudice.

### III.   CONCLUSION

For the reasons set forth above and for other good cause shown,

**IT IS** on this 22nd day of December 2025,

**ORDERED** as follows:

1. Plaintiff's motion to vacate dismissal and reopen this Complaint (ECF No. 7) is **GRANTED**;

2. Plaintiff's Complaint is *sua sponte* **DISMISSED** *with prejudice*; and

3. The Clerk of the Court shall serve a copy of this Memorandum Order on Plaintiff by regular U.S. mail and **CLOSE** this matter.

_____
HONORABLE JULIEN XAVIER NEALS
United States District Judge